**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO.: 7:18-CR-21 (WLS-TQL)** |
| **TOKESHA BAILEY,** : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

On December 4, 2024, the Court held a hearing on the United States Probation Office's Petition (Doc. 187) to revoke Defendant Tokesha Bailey's ("Defendant") supervised release. Previously, Defendant pleaded guilty to Count I of the Superseding Information (Doc. 103), which charged her with Misprision of Felony, in violation of 18 U.S.C. § 4. Defendant was sentenced on March 4, 2021, to a term of imprisonment of 24 months, to be followed by one year of supervised release.

Defendant's term of supervised release began on June 21, 2022. On May 18, 2023, the United States Probation Office ("USPO") petitioned the Court for a warrant or summons. (Doc. 187). The Petition alleges that Defendant violated the conditions of her supervised release on seven (7) occasions.

At the revocation hearing held on December 4, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of her right to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in her defense; and to testify. Defendant was also advised that she was not required to testify or present a defense and whether she would testify, consistent with her right to do so, was her decision—all of which Defendant acknowledged she understood. The Court also confirmed from Defendant that she had received the Petition (Doc. 187) and Revocation Report (Doc. 201) and reviewed them.

Defendant stated she had spoken to Counsel about the Petition and wished to admit to the violations. Accordingly, the Court found that Defendant freely, knowingly, and voluntarily waived her right to a hearing and stipulated to the alleged violations. The Court therefore found, upon the preponderance of the evidence, that Defendant violated the conditions of her supervised release and declared Defendant's supervised release revoked.[1]

The Court heard from the Government, Defense counsel, and Defendant. Neither party objected to the Revocation Report. The Government requested a sentence of ten (10) months, the maximum term under the calculated U.S. Sentencing Guidelines range. Defendant did not oppose the Government's request. The Court determined Defendant's U.S. Sentencing Guidelines range to be 4–10 months based on Defendant's Grade C violations and a Criminal History Category of II. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of imprisonment of ten (10) months.

For the aforementioned reasons, the Petition (Doc. 187) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Defendant is sentenced to ten (10) months of imprisonment in the custody of the Bureau of Prisons. No term of supervised release is to follow said imprisonment.

**SO ORDERED**, this 5th day of December 2024.

                                                <u>/s/ W. Louis Sands</u>
                                                **W. LOUIS SANDS, SR. JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.*